IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TABITHA EVANS, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:12-CV-84-CAR-MSH |
| | : | Social Security Appeal |
| CAROLYN COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

_____

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

**Administrative Proceedings**

Claimant protectively applied disability insurance benefits on March 25, 2008, alleging disability as of March 1, 2008, due to depression, obsessive compulsive disorder, obesity, arthritis, degenerative disc disease, torn disk, bulging discs, and panic attacks. (Tr. 144; ECF No. 10)  Claimant's application was denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ").  The Claimant appeared before an ALJ for a hearing on May 27, 2010, and following the hearing, the ALJ issued an unfavorable decision on June 25, 2010.  (Tr. 10-18.)  The Appeals Council ultimately denied Claimant's Request for Review on April 27, 2012.  (Tr. 1-3.)  This appeal followed.

**Statement of Facts and Evidence**

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 12.)  The ALJ found that Claimant had degenerative disc disease, hip degenerative arthritis, obesity, major depressive disorder, generalized anxiety disorder, and panic disorder with agoraphobia, which were determined to be severe.  (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id*. at 17.)

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform light work except that she requires an opportunity to alternate between sitting

and standing as needed; she cannot crouch or climb ladders, ropes or scaffolds; can occasionally climb ramps/stairs, balance, stoop, kneel and crawl; can perform simple 1-2 step operations for unskilled work and could not have contact with the general public. (Tr. 13.) Based on his RFC and the medical evidence, the ALJ then determined that Claimant was incapable of performing her past relevant work. (Tr. 17.) The ALJ noted that Claimant was 29 at the time of her alleged onset date, which is considered to be a younger individual. (Tr. 17.) The ALJ then found that Claimant had a high school education and could communicate in English. (*Id.*) Considering her age, education, work experience, and RFC, the ALJ determined that there were jobs which existed in significant number in the national economy which Claimant could perform. (*Id.*)

## DISCUSSION

In her sole enumeration of error, the Claimant argues that the ALJ erred in assessing her residual functional capacity ("RFC"). (Cl.'s Br. 7, ECF No. 12.) Specifically, Claimant contends that the ALJ erred in giving great weight to the findings of a state agency psychologist, but failing to include the limitations imposed by the psychologist in her RFC assessment. (*Id.*)

In determining a claimant's RFC, Social Security Ruling 96-8p, in relevant part, states that:

> In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

The Regulations further state that where an ALJ finds that the Claimant's impairments do not meet a relevant Listing, he is required to make a determination as to whether the Claimant still has the residual functional capacity to engage in gainful employment by returning to former work or performing other work which he would be able to perform taking into consideration any limitational impairments. 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling 96-8p. "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." *Lapica v. Comm'r of Soc. Sec.*, 2012 WL 6571081, *3 (11th Cir. 2012).

     Claimant argues that the ALJ's finding regarding her RFC was "incomplete and unexplained" because, after giving Dr. Stone-Miller's medical opinion great weight, he failed to incorporate all of the mental limitations the psychologist imposed on her. (Tr. 8.) Claimant contends that the mental limitations noted by Dr. Stone-Miller would preclude competitive work.

     The record reveals that Dr. Stone-Miller completed a psychological evaluation of Claimant on June 245, 2008. (Tr. 485-88.) The ALJ, who gave great weight to the opinion, stated that Dr. Stone-Miller "opined that the claimant has the ability to understand, remember, and carryout simple instructions." (Tr. 16.) Thus, the ALJ limited Claimant to simple, 1-2 step operations for unskilled work. (*Id.*) The ALJ's

finding, however, was incomplete. Dr. Stone-Miller actually found that "when not panicking, Claimant has the ability to understand and remember simple instructions." (Tr. 488.) Dr. Stone-Miller further determined that

> [Claimant] is unable to consistently maintain concentration for repeated durations due to reported frequent preoccupations and her depressed mood, which is supported by her reported concentration problems and she struggled with concentration tasks during this evaluation. She would have difficulty appropriately relating to others, as evidenced by her morose behavior during this evaluation, her panic, and as suggested by her beliefs that she does not fit in with, is not accepted by, and does not tolerate other people well. She is not able to consistently adhere to a typical workday or week due to the disruptive impact of her OCD and the episodic nature of her panic. For the same reasons, she cannot maintain a minimally acceptable pace in a work setting. She is at moderate risk of decompensation under stress.

(Tr. 488.) The ALJ's limitation of Claimant to "simple 1-2 step instructions" is not an accurate reflection of Dr. Stone-Miller's opinion. Thus, it is found that the Commissioner's decision is not based on substantial evidence, and this case must be remanded for further proceedings.

Having found that the Commissioner erred as to the issue analyzed above, the Court directs the ALJ to incorporate the specifics of Dr. Stone-Miller's findings in a new RFC and determine if Claimant is able to perform any work with those additional limitations. The ALJ is further directed to adequately treat the opinion of Dr. Estock and express what weight, if any, he gives to that opinion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be remanded pursuant to sentence four. Under 28

7

U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 9th day of September, 2013.

                                   S/ STEPHEN HYLES
                                   UNTED STATES MAGISTRATE JUDGE