IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TABITHA EVANS, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | Case No. 3:12-CV-84 (CAR) |
| CAROLYN W. COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Before the Court is Plaintiff Tabitha Evans's Motion for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Doc. 18]. Defendant filed a response and does not oppose Plaintiff's Motion.

The Equal Access to Justice Act ("EAJA") provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[1]

In this case, Defendant does not challenge Plaintiff's status as a prevailing party. Nor does Defendant argue that the Government's position was substantially justified or that

---

[1] 28 U.S.C. § 2412(d)(1)(A).

there are special circumstances that would make an award unjust. Thus, no dispute exists over whether an award of attorney's fees is justified.

Based on the foregoing, Plaintiff seeks compensation in the amount of $6,165.72, representing 33.40 hours of work performed by her attorneys. Defendant does not oppose the requested amount. Therefore, Plaintiff's Motion for Attorney's Fees [Doc. 18] is **GRANTED**, and it is **HEREBY ORDERED** that Plaintiff receive $6,165.72 for her attorney's fees. Pursuant to *Astrue v. Ratliff*,[2] payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government may accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

**SO ORDERED,** this 13th day of January, 2014.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

ADP

---

[2] 130 S. Ct. 2521, 2524 (2010).